■ Eva Hoffman, as Guardian ad Litem of Karoly Deutsch, Also Known as Charles Deutsch, Respondent, v Brookdale Hospital Medical Center et al., Defendants, and Stuart A. Bilenker, Appellant. — In an action to recover damages for medical malpractice, Stuart A. Bilenker appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated August 27, 1982, which denied his motion to dismiss the complaint as against him on the ground that the Statute of Limitations had run. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for an immediate trial of the issues raised on the motion (see CPLR 3212, subd [c]). The instant action against Dr. Bilenker and others, arising out of medical treatment provided to Karoly Deutsch on or before May 8, 1979, was commenced more than two and one-half years later, on or about December 7, 1981. Dr. Bilenker moved to dismiss the action against him on the ground that the action was barred by the applicable Statute of Limitations (see CPLR 214-a). Eva Hoffman, daughter and guardian ad litem of Karoly Deutsch, alleged in opposition that the Statute of Limitations was tolled because Deutsch was rendered insane by the medical care at issue in this action (see CPLR 208). In support of this claim, Hoffman submitted an affidavit relating, *inter alia,* her personal observations of Deutsch subsequent to May 3, 1979. Based on that affidavit, Special Term denied Dr. Bilenker's motion to dismiss, without prejudice to renewal upon the trial of the action. We agree with Special Term that Eva Hoffman's affidavit, based, at least in part, upon her personal observations, indicates that there are issues of fact as to whether Deutsch was under a disability because of insanity. However, the issues raised in the motion to dismiss the complaint as to Bilenker should be resolved at an immediate trial, prior to the trial on the merits of the action (see CPLR 3212, subd [c]; *Mass v Great Amer. Ins. Co.,* 28 AD2d 897; see, also, *McCarthy v*

*Volkswagen of Amer.,* 55 NY2d 543). Therefore, the matter is remitted to the Supreme Court, Kings County, for an immediate trial on the question of whether the action as against Dr. Bilenker, is time barred. At that time, plaintiff, if so advised, may raise the issue, first raised upon the appeal to this court, as to whether Dr. Bilenker is united in interest with codefendant Brookdale Hospital Medical Center. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.