■ JOHN W. STACKROW, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITER'S ASSOCIATION, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 7, 1984 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages alleg-

edly incurred as a result of the destruction by fire on October 30, 1981 of a building located at 236 Ontario Street in the City of Cohoes, Albany County. Plaintiff's action was commenced on December 23, 1983, 11 months after defendant, who was plaintiff's insurer, rejected plaintiff's claim and almost 26 months after the fire. After answering, defendant moved for summary judgment dismissing the complaint on the ground that the Statute of Limitations had run. The applicable two-year Statute of Limitations is found in Insurance Law former § 168 (renum § 3403) and in the terms of the policy. Plaintiff opposed the motion, asserting that the time limitation was tolled by plaintiff's mental incapacity resulting from two strokes suffered several months before the fire.* Special Term granted defendant's motion, holding, *inter alia,* that plaintiff had failed to establish that the strokes caused disability within the meaning of CPLR 208. This appeal by plaintiff ensued.

The sole issue posed by this appeal is whether plaintiff can successfully assert the toll of the Statute of Limitations for the disability of insanity, created by CPLR 208, upon his claim that the two strokes so incapacitated him that he was legally insane on the date his cause of action accrued.

The Court of Appeals has set forth the standards for determining the extent of the coverage of CPLR 208. In *McCarthy v Volkswagen of Am.* (55 NY2d 543), the court noted that the toll should extend "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" *(id.,* p 548). In *Barnes v County of Onondaga* (65 NY2d 664), the court found (p 666) that a " 'major depressive disorder' " constituting an over-all inability to function within society could be brought within the ambit of CPLR 208. Here, while plaintiff did not present medical affidavits in opposition to defendant's motion, he did submit the affidavit of his son which stated: "Although my father can now dress, feed and bathe himself without much assistance, he was, for an extremely long time in need of my mother's and my assistance for *all* matters, including all his business and personal affairs. While for the most part my father is able to function in the protective atmosphere of our home, he is totally uncapable *[sic]* of handling his business and financial affairs and dealing with the public without assistance. My father is often bewildered and confused, and is unable to

---

* The waiver/estoppel issue raised by plaintiff at Special Term is not being argued on appeal.

comprehend or respond to what is said to him. * * * In addition, whenever he is agitated or upset, he typically becomes more incoherent and disoriented" (emphasis in original). The statements set forth in plaintiff's son's affidavit are more than conclusory allegations. They are personal observations which raise issues of fact regarding plaintiff's sanity on the date of the fire. Resolution of these factual issues is necessary to determine whether the toll of the limitations statute should be extended to plaintiff because of his "over-all inability to function in society" *(McCarthy v Volkswagen of Am., supra,* p 548; *see also, Barnes v County of Onondaga, supra; Hoffman v Brookdale Hosp. Med. Center,* 92 AD2d 539).

Further, we are not persuaded to reach a contrary result because, following his first stroke, plaintiff executed a power of attorney in March 1981 in favor of his son. CPLR 208 mandates consideration of plaintiff's mental state at the time the cause of action accrued. Thus, a power of attorney executed in March 1981 is not conclusive of plaintiff's competency in December 1981 or thereafter. In addition, the mere existence of an executed power of attorney does not establish the sanity of the person executing the power, since an incompetent person cannot appoint an agent (2 NY Jur 2d, Agency, § 13, at 477).

In our view, a hearing should be held to determine if plaintiff was "insane" within the meaning of CPLR 208. Accordingly, the matter should be remitted for trial pursuant to CPLR 3212 (c) of the issue of whether plaintiff was mentally incompetent at the time the cause of action arose so as to toll the Statute of Limitations.

Order reversed, on the law, with costs, and matter remitted to the Supreme Court, Albany County, for immediate trial of the issues raised on the motion. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.