■ CAROL KELLY et al., Individually and as Parents and Natural Guardians of TAMMI KELLY, a Person Under Mental Disability, et al., Respondents, v SOLVAY UNION FREE SCHOOL DISTRICT et al., Appellants.—Order, insofar as appealed from, unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: In this action to recover damages for personal injuries defendants appeal from the denial of their motion to dismiss the complaint of plaintiff Tammi Kelly as barred by the Statute of Limitations (CPLR 3211 [a] [5]). In our view, Special Term should have conducted a hearing before finding that Tammi, who is mentally handicapped, was suffering from insanity under CPLR 208.

The term "insanity" is not defined in CPLR 208 and the toll of the statute applies "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (McCarthy v Volkswagen of Am., 55 NY2d 543, 548; Barnes v County of Onondaga, 103 AD2d 624, 628, affd 65 NY2d 664). There are no cases dealing specifically with mental retardation as a condition of "insanity", but it seems obvious that a mentally handicapped individual if found " 'unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities' " (Matter of Hurd v County of Allegany, 39 AD2d 499, 503) has "an over-all inability to function in society" and qualifies for the insanity toll under CPLR 208.

"[T]he condition of an individual's mental capabilities is largely a factual question" (McCarthy v Volkswagen of Am., supra, p 548; Barnes v County of Onondaga, supra, p 628) and, unless the proof of insanity is conclusive, the court should conduct a fact-finding hearing to determine the extent of plaintiff's disability (see, e.g., Barnes v County of Onondaga, supra, p 628; Wenthen v Metropolitan Transp. Auth., 95 AD2d 852; Dunn v Mager, 47 AD2d 919; Matter of Hurd v County of Allegany, supra). Here the proof, consisting of medical reports and evaluations that Tammi cannot function in society, is clearly not conclusive. The psychologists who examined Tammi in 1983, before and after the incident at school, concluded that she was borderline mentally defective as opposed to mentally retarded, that she was capable of managing payments in her own interest and that she should be evalu-

ated for future employability. In 1984 she was examined by a neurologist who reported that she could carry on a conversation without giving any impression of being academically slow. On the other hand, school psychologists who examined Tammi in 1981 and 1985 consistently evaluated her at a much lower level. Thus, there is an issue of fact as to the extent of Tammi's disability which relates directly to her ability to handle her own affairs and function in society.

We note also the contention that the notice of claim was untimely under General Municipal Law § 50-i since it was not served until approximately 17 months after the alleged date of injury. Defendants have not moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) nor have plaintiffs applied for leave to serve a late notice of claim. Thus, it appears that this issue has not been properly raised for our consideration. In the interest of judicial economy, plaintiffs, if so advised, may serve on defendants, within 30 days after service a copy of the order to be made herein with notice of entry, a notice of cross motion for leave to serve a late notice of claim (General Municipal Law § 50-e [5]) to permit Special Term to consider jointly the claims that Tammi is "insane" within the meaning of CPLR 208 and "incapacitated" within the meaning of General Municipal Law § 50-e (5). (Appeal from order of Supreme Court, Onondaga County, Lynch, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.