■ WESLEY S. SCOTT, Individually and as Parent and Natural Guardian of ALICE M. SCOTT, a Mentally Incompetent Individual, et al., Respondents, v K-MART STORE No. 3366 et al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs, defendants' motion granted, and matter remitted to Supreme Court, Monroe County, for further proceedings, all in accordance with the following memorandum: Defendants appeal from that part of Special Term's order which denied their motion to dismiss plaintiffs' fourth and fifth causes of action "because of a tolling of the statute of limitation[s] as a result of the mental incompetence of the plaintiff Alice Marie Scott". The condition of an individual's mental capabilities is largely a factual question *(McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548) and, unless the proof of insanity is conclusive, the court should conduct a fact-finding hearing to determine the extent of plaintiff's disability *(Kelly v Solvay Union Free School Dist.,* 116 AD2d 1006; *see, e.g., Barnes v County of Onondaga,* 103 AD2d 624, 628, *affd* 65 NY2d 664). Other than the allegations in plaintiffs' complaint and bill of particulars that Alice is "mentally retarded" and a reference to her being a mentally retarded person found on the admission history of a hospital record on the night of the incident, there is no proof that Alice cannot function in society. Thus, a hearing must be held before a determination can be made that the plaintiff Alice Marie Scott was suffering

from insanity within the meaning of CPLR 208 *(Kelly v Solvay Union Free School Dist., supra; Stackrow v New York Prop. Ins. Underwriter's Assn.,* 115 AD2d 883). It should be noted however that the fourth cause of action for intentional infliction of emotional distress is time barred as to the plaintiff Wesley Scott who is not entitled to the benefit of the statutory toll on his derivative cause of action for damages *(Rivera v Berkeley Super Wash,* 44 AD2d 316, 326, *affd* 37 NY2d 395).

Finally, viewing the allegations of plaintiffs' complaint in a light most favorable to the plaintiffs *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), we conclude that plaintiffs have sufficiently alleged a cognizable claim to recover damages under these two causes of action *(see, O'Donnell v K-Mart Corp.,* 100 AD2d 488; *see also, Bovsun v Sanperi,* 61 NY2d 219; *Kennedy v McKesson Co.,* 58 NY2d 500, 504; *Johnson v State of New York,* 37 NY2d 378; *Ford v Village Imports,* 92 AD2d 717, *lv denied* 59 NY2d 604). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—dismiss cause of action.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.