■ In the Matter of ISABELLA FERRELLI, Appellant, v LONG ISLAND COLLEGE HOSPITAL SCHOOL OF NURSING, Respondent. [614 NYS2d 199] —In a proceeding brought pursuant to CPLR article 78 to compel both the reinstatement of the petitioner as a student of the respondent Long Island College Hospital School of Nursing and a hearing on the question of her dismissal, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated July 15, 1992, which denied the petition in its entirety.

Ordered that the judgment is affirmed, with costs.

We find that the proceeding brought by the petitioner, which was properly found by the Supreme Court to constitute a proceeding brought pursuant to CPLR article 78 (see, e.g., Matter of Susan M. v New York Law School, 76 NY2d 241), was time-barred, because the petitioner failed to commence it within four months of July 11, 1991, the date the respondent's dean officially notified her of her dismissal from the school (see, CPLR 217 [1]; Gertler v Goodgold, 107 AD2d 481, affd 66 NY2d 946; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832). We note that the petitioner's attempt to circumvent the four-month Statute of Limitations period by seeking to compel her reinstatement instead of seeking review of her dismissal pursuant to CPLR article 78 is of no moment (see, e.g., Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202-203). Moreover, the petitioner failed to substantiate her claim that she was suffering from "severe depression" at the time her claim had accrued, which, if adequately proven, may have tolled the applicable Statute of Limitations (see, CPLR 208; cf., Barnes v County of Onondaga, 65 NY2d

664; *Stackrow v New York Prop. Ins. Underwriter's Assn.,* 115 AD2d 883, 884-885).

In any event, on the merits, we agree with the Supreme Court that the respondent acted in good faith and not arbitrarily, for reasons stated by Justice Shaw in his written decision dated June 17, 1992 *(see also, Matter of Mu Ch. v Colgate Univ.,* 176 AD2d 11; *Matter of Beilis v Albany Med. Coll.,* 136 AD2d 42, 44). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.