[634 NYS2d 874]

RICHARD W. STALKER et al., Respondents, v JEFFREY LURIA et al., Appellants.

Third Department, December 7, 1995

APPEARANCES OF COUNSEL

*Allen, Johnson & Lonergan,* Albany *(Thomas J. Johnson* of counsel), for appellants.

*Martin, Harding & Mazzotti,* Albany *(Victor L. Mazzotti* and *Rosemarie Riddell* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

In December 1986, defendants purchased a large home in the Town of Carlisle, Schoharie County, and made numerous renovations to it during the ensuing year. Plaintiff Richard W. Stalker (hereinafter plaintiff) is a general contractor who performed a great deal of the renovations. On October 23, 1987, while installing siding on defendants' roof, plaintiff fell off scaffolding and sustained serious injuries. Plaintiff was hospitalized for approximately one month and then transferred to Sunnyview Rehabilitation Hospital where he remained for approximately six months. During his hospitalization at Sunnyview, plaintiff was bedridden and unable to walk, move his arms or legs or take care of basic personal needs. Upon being released from Sunnyview in May 1988, he returned home but was unable to take care of business and family affairs and needed assistance with most daily activities. Although he was able to walk with the use of special crutches, plaintiff only left the house to attend physical therapy sessions. During the succeeding year, plaintiff regained some strength and his ability to cope with daily functions improved. On April 10, 1991, plaintiff, together with his wife in a derivative capacity, commenced this action asserting claims under Labor Law §§ 200, 240 and 241, together with a common-law negligence claim. Defendants moved for summary judgment dismissing the action as time barred pursuant to CPLR 214 (5), which was opposed by plaintiffs who asserted that the running of the Statute of Limitations was tolled by virtue of plaintiff's claimed disability of insanity.

Defendants made a second motion for summary judgment claiming that they were entitled to the exemption afforded under Labor Law § 240 (1) and § 241 as owners of a single-family dwelling. Plaintiffs opposed and cross-moved for summary judgment on their Labor Law §§ 240 and 241 causes of action. These motions were held in abeyance by Supreme Court pending a hearing regarding plaintiff's mental condition during the period of time following the accident to determine

whether plaintiff was entitled to a tolling of the Statute of Limitations pursuant to CPLR 208 and also regarding the use of defendants' property to determine whether the single-family exemption would apply.

After a hearing, Supreme Court denied defendants' motions for summary judgment holding that plaintiff was insane within the meaning of CPLR 208 when the instant cause of action accrued and that defendants were not entitled to the single-family exemption.

We will limit our discussion to the question of plaintiff's insanity, which we find is dispositive of this action. CPLR 208, in general, provides for a tolling of the applicable Statute of Limitations in instances where a person who might otherwise be entitled to commence an action is under a disability because of insanity at the time the cause of action accrues. The term "insanity" is not defined by the statute; however, it has been held that the Legislature meant to extend this toll only to those individuals who are unable to protect their legal rights because of an over-all inability to function in society (*see, McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548; *see also, Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812). It has also been held that the tolling provisions should not readily be given an expansive interpretation and are to be narrowly interpreted since a contrary interpretation could greatly, and perhaps inappropriately, expand the classes of persons able to assert the toll (*see, Eisenbach v Metropolitan Transp. Auth.*, 62 NY2d 973, 975).

To support their claim, plaintiffs presented brief affidavits dated in spring 1992 from Peter Garner, Steven Jarrett and Lorraine Davis, physicians who reviewed plaintiff's medical records. Each opined that, based upon a review of plaintiff's medical records, he suffered from quadriplegia. Jarrett and Davis both averred that plaintiff's total inability to function in society resulted from his quadriplegia, rather than from any psychological or mental disability. While Garner opined that plaintiff suffered from quadriplegia and psychological problems which rendered him totally unable to function in society, he did not specify which or to what degree the particular psychological problems suffered by plaintiff rendered him unable to function in society.

Plaintiffs also presented the testimony of Henry Camperlango, a physician board-certified in psychiatry and neurology who saw plaintiff on two occasions in spring of 1993 and conducted a psychiatric examination on him, and James Thal-

man, a psychologist who evaluated plaintiff in May 1993 and conducted psychological testing on him to obtain an index of his cognitive functioning. Camperlango reviewed certain hospital records and, based on this review, together with his interviews with plaintiff and the results of his testing, assessed plaintiff's major neurological problem as quadriplegia and, in addition, that he suffered from an organic brain syndrome of the atypical type from a closed head injury or cerebral commotion and, as a result, showed depression, anger and anxiety due to the changes in his lifestyle. Camperlango expanded upon this to indicate that plaintiff suffers from brain damage, which is a mental defect, and that this was caused by falling from the scaffold and is a permanent condition. There is nothing in Camperlango's opinion, however, which indicates that plaintiff had an over-all inability to function in society, particularly during the period after his release from Sunnyview. Thalman found that plaintiff scored below average on some tests, but also scored in the average or above-average range on others. Thalman opined that before the accident plaintiff was likely of above-average intellectual capacity, that his current over-all cognitive abilities fell within the average range and that his level of functioning was within the average range. Thalman further stated that any difficulties plaintiff might have in some areas of cognitive testing were not due to underlying depression or effective disorder and that, while plaintiff has some deficit in his mental capabilities, overall he functions in an average range.

It is only in the presence of an over-all inability to function which is actually attributable to a mental, rather than a physical condition, which may properly serve as a predicate for an application of the insanity toll under CPLR 208 (*see, Matter of McBride v County of Westchester*, 211 AD2d 792, *lv denied* 85 NY2d 809). The Court of Appeals has made clear that the term insanity under CPLR 208 is a concept equated with unsoundness of mind (*see, Eisenbach v Metropolitan Transp. Auth.*, 62 NY2d 973, 975, *supra*).

From the medical evidence presented in the record, we find that the disabilities suffered by plaintiff did not meet the standards required to effect the tolling pursuant to CPLR 208 since there was insufficient evidence to show that plaintiff was unable to protect his legal rights due to his over-all inability to function in society as a result of a mental, rather than a physical, infirmity. Therefore, it was improper to deny defendants' motion for summary judgment dismissing the action as time barred.

CARDONA, P. J., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.