■ SHIRLEY SMITH, Individually and as Guardian ad Litem of ALBERT F. SMITH, Respondent, v CHRISTINE KELLEY et al., Defendants, and JAMES F. CASTLEMAN, Appellant. [643 NYS2d 764] —Crew III, J.

On January 27, 1993, plaintiff retained counsel to prosecute a medical malpractice action against defendant St. Peter's Hospital and defendant Christine Kelley for the alleged negligent treatment rendered to her husband, Albert F. Smith, as a result of a stroke he suffered in August 1992, which action was commenced in May 1993. In April 1994, a separate action was commenced by plaintiff and Smith against defendant James F. Castleman (hereinafter defendant), who answered and asserted the defense of lack of jurisdiction. Thereafter, in September 1994, plaintiff was appointed guardian ad litem of her husband, and the foregoing actions were consolidated and the caption amended to reflect plaintiff's substitution.

Plaintiff thereafter became aware that no summons had been filed in connection with the April 1994 action brought against defendant and, in April 1995, plaintiff commenced the instant malpractice action against defendant. Defendant thereafter moved to, *inter alia*, dismiss the complaint on the ground that the action was barred by the applicable Statute of Limitations. Supreme Court, *inter alia*, denied the motion on the ground that the Statute of Limitations had been extended by the insanity toll provided by CPLR 208. This appeal by defendant ensued.

Insofar as is relevant to this appeal, CPLR 208 provides that where a person entitled to commence an action is under a disability because of insanity at the time the cause of action accrues, the time for the commencement of such action shall be extended by the period of such disability. It is now well established that the toll afforded by CPLR 208 is available "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548). Defendant asserts that the toll provided for in CPLR 208 is inapplicable in this case because Smith's legal rights were, in fact, protected when plaintiff retained counsel in January 1993. Thus, defendant apparently reasons, the toll was never effectuated. We do not read either the statute or the case law interpreting it as dictating such a result.

Assuming, without deciding, that a disability exists here, as provided for in CPLR 208, it is clear that the applicable toll applies until there exists a representative entitled to commence an action on behalf of the disabled person (*see, Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687, 693). Thus, even accepting that plaintiff could have been construed as a de facto representative of her husband at the time she retained counsel to represent them, the toll would have been extinguished at that time rather than not having applied at all. In such case, the instant action would have been commenced in a timely fashion.

Finally, although we agree with Supreme Court's interpretation of the tolling provisions of CPLR 208, we must nevertheless remit the case for a fact-finding hearing. While defendant argued before Supreme Court that the tolling provisions of CPLR 208 were inapplicable to the instant case, he also clearly articulated that he was in no way conceding Smith's insanity and specifically requested a fact-finding hearing on the issue, to which he was entitled (*see, Barnes v County of Onondaga*, 103 AD2d 624, *affd* 65 NY2d 664). It is, of course, plaintiff's burden to establish Smith's insanity at such a hearing, thereby entitling him to the applicable tolling provision.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied a motion by defendant James F. Castleman to dismiss the complaint for failure to comply with the Statute of Limitations; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.