■ JUDITH KOERICK, Appellant, v JOSEPH A. LOTITO, Respondent. [691 NYS2d 181] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered March 5, 1998, as granted that branch of the defendant's cross motion which was for summary judgment dismissing her complaint on the grounds that her claims were barred by the Statute of Limitations and her execution of a general release in a matrimonial action between the parties. The appeal brings up for review so much of an order of the same court, dated June 8, 1998, as, upon granting reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered March 5, 1998, is dismissed, as that order was superseded by the order dated June 8, 1998, made upon reargument; and it is further,

Ordered that the order dated June 8, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff and the defendant were formerly husband and wife. After their divorce, the plaintiff commenced this action to recover damages arising from intentional torts allegedly committed by the defendant, including, *inter alia,* assault and battery. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint on the grounds that the action was barred by a general release signed in the course of the matrimonial action and by the relevant Statute of Limitations.

Contrary to the defendant's assertions, the general release signed by the plaintiff during the course of the parties' matrimonial action would not be sufficient to insulate him from liability for his alleged intentional wrongdoing (*see, Lago v Krollage,* 78 NY2d 95, 99; *Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377; *Great N. Assocs. v Continental Cas. Co.,* 192 AD2d 976).

However, it is not disputed that all of the acts complained of occurred more than a year prior to the commencement of this action. Thus, absent a toll, the action would be time-barred

(*see,* CPLR 215). Here, the plaintiff failed to raise a triable issue of fact as to whether she was "insane" during the relevant period of time, and that, therefore, the Statute of Limitations was tolled pursuant to CPLR 208 (*see, Barnes v County of Onondaga,* 65 NY2d 664; *McCarthy v Volkswagen of Am.,* 55 NY2d 543; *Matter of Butler v Town of Ramapo,* 242 AD2d 570; *Matter of McBride v County of Westchester,* 211 AD2d 792). She also failed to present any evidence raising an issue of fact that the defendant was convicted of a crime arising from any of the acts complained of and that, therefore, the Statute of Limitations was tolled pursuant to CPLR 213-b (*see, Elkin v Cassarino,* 248 AD2d 35; *Boice v Burnett,* 245 AD2d 980) or that CPLR 215 (8) is applicable (*see, Clemens v Nealon,* 202 AD2d 747). Accordingly, the complaint was properly dismissed. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.