■ MICHAEL LYNCH, Appellant, v WILLIAM CARLOZZI, JR., Respondent. [727 NYS2d 504] —Peters, J. Appeal from an order and judgment of the Supreme Court (Moynihan, Jr., J.), entered March 15, 2000 in Warren County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action on September 14, 1999 seeking to recover damages for personal injuries he allegedly sustained in August 1991 when, as a pedestrian, he was struck

by a motor vehicle driven by defendant. After joinder, defendant moved for summary judgment contending that the action was barred by both the applicable Statute of Limitations and plaintiff's execution of a release on November 20, 1991 in exchange for $5,000. Plaintiff cross-moved for an order striking both affirmative defenses, submitting an affidavit from Henry Camperlengo, Board-certified in both psychiatry and neurology, who opined that plaintiff suffered from a mental disability following the accident and that such condition prevailed at the time of his execution of the release. Supreme Court granted defendant's motion, prompting this appeal.

The limitations provision of CPLR 214 (5) requires that an action for personal injuries be commenced within three years. As plaintiff was injured on August 18, 1991, this action, if commenced by August 17, 1994, would have been timely. Yet, "CPLR 208 provides that where a person entitled to commence an action is under a disability because of insanity at the time the cause of action accrues, the time for the commencement of such action shall be extended by the period of * * * disability" (*Smith v Kelley*, 228 AD2d 831, 832). While the disability does not have to be adjudicated prior to the accrual of the cause of action (*see, Hammer v Rosen*, 7 NY2d 376), the Court of Appeals, in the seminal case of *McCarthy v Volkswagen of Am.* (55 NY2d 543), has cautioned that this toll must be interpreted narrowly (*id.*, at 548); "the Legislature meant to extend the toll * * * to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*id.*, at 548; *see, Smith v Kelley, supra*, at 832; *Stalker v Luria*, 217 AD2d 294, 296; *Stackrow v New York Prop. Ins. Underwriter's Assn.*, 115 AD2d 883, 884). The progeny of that seminal case describes the court's task as "a pragmatic one, which necessarily involves [a] consideration of all surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights" (*Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812).

Based upon such claim of mental disability, plaintiff attempts to toll the Statute of Limitations and void the release (*see, Ortelere v Teachers' Retirement Bd.*, 25 NY2d 196, 202-205; *McNorton v Bronx Psychiatric Ctr.*, 151 AD2d 448, 451). Hence, the assessment of his mental capabilities, along with his ability to function in society as relevant to his ability to safeguard his legal rights, distills to a factual determination to be made by the court (*see, McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548, *supra*).

Camperlengo's affidavit describes his two-hour interview of

plaintiff on February 1, 2000 during which he administered a mental status examination. He then reviewed plaintiff's medical and psychiatric records from the date of the injury to the current time and, based upon his educational background and experience, his personal interview of plaintiff and the results of the tests that he conducted, opined that plaintiff suffers from an "overall inability to function in society," having experienced no lucid intervals of significant duration from the time of the accident to the present. Further assessing him to suffer from "volitional and affective disruptions in his personality which render him unable to control his conduct," Camperlengo opined that plaintiff suffers from a traumatic brain injury which is permanent and possibly progressive. According to Camperlengo, this type of closed head injury causes a "wide variety of psychiatric disorders, ranging from cognitive, emotional, motor, and reflex dysfunction to paranoia to impulsive and compulsive behavior."*

Notable to Camperlengo was plaintiff's medical records which revealed that he was in a coma for several weeks following the accident and thereafter experienced multiple arrests for antisocial behavior, numerous admissions to both inpatient and outpatient psychiatric clinics and the need to be under the current supervision of the Saratoga County Mental Health Unit. The record further revealed that just 2½ months after the coma and within weeks of his release from the head injury rehabilitation unit to which he was admitted following hospitalization, plaintiff was approached by defendant's insurance adjuster and executed the challenged release.

As to the settlement, plaintiff represented that he accepted the $5,000 offer due to financial constraints and, according to Camperlengo, "because of his delusional belief that he had an insurance agreement with Physicians Mutual Insurance Company, under which he was entitled to an insurance payment of $400 [m]illion because he had been pronounced 'DOA' but was successfully resuscitated." Suffering from an affective instability demonstrated by compulsive and impulsive behaviors, it was impossible, in Camperlengo's view, for plaintiff to resist accepting the $5,000 as a purported settlement.

Camperlengo's conclusions were unrebutted by defendant. His counsel's affidavit merely contended that Camperlengo's opinion was conclusory in nature, with his assessment too remote to demonstrate that plaintiff suffered from this disabil-

---

* Camperlengo recounted how plaintiff advised him that after the accident, "[d]efendant parked his automobile on [his] chest and poured scotch whiskey down [his] throat."

ity at the time the action accrued or upon execution of the release.

We disagree. Defendant, having satisfied the initial burden of establishing its affirmative defenses by prima facie admissible proof, plaintiff was left to tender "evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562) demonstrating the existence of a triable issue of fact that he suffered from such mental disability sufficient to toll the limitations period (*see, Waters of Saratoga Springs v State of New York*, 116 AD2d 875, 878, *affd* 68 NY2d 777; *Anonymous v Anonymous*, 154 Misc 2d 46). With the submission of Camperlengo's affidavit, we find that plaintiff has satisfied his burden such that a hearing is required to determine whether he was under a disability as of the accrual of this cause of action (*see, Smith v Kelley*, 228 AD2d 831, 832, *supra*; *Stackrow v New York Prop. Ins. Underwriter's Assn.*, 115 AD2d 883, 885, *supra*; *see also, McNorton v Bronx Psychiatric Ctr.*, 151 AD2d 448, 451, *supra*) and, in the interest of judicial economy, whether he had the capacity to execute the release (*see, Ortelere v Teachers' Retirement Bd.*, 25 NY2d 196, *supra*).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.