■ JAMES BROWN, Appellant, v ROCHESTER GENERAL HOSPITAL et al., Respondents. [738 NYS2d 803] —Appeal from an order of Supreme Court, Monroe County (Frazee, J.), entered August 2, 1999, which granted defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendants' motion to dismiss the complaint in this medical malpractice action as time barred pursuant to CPLR 214-a. In opposition to the motion, plaintiff alleged that the insanity toll set forth in CPLR 208 applied to him based on mental disabilities that rendered him unable to protect his legal rights. The insanity toll is to be "narrowly interpreted," however, and applies "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548; *see, Smith v Kelley,* 228 AD2d 831, 832). In this case, plaintiff submitted no evidence to support his allegation that he was unable to function in society because of a mental disability (*see, Koerick v Lotito,* 262 AD2d 367, 368, *lv denied* 94 NY2d 756; *cf., Lynch v Carlozzi,* 284 AD2d 865, 868; *Skamagas v Board of Educ.,* 280 AD2d 596, 597). His submissions established that, when he was released from defendant Rochester General Hospital, he was a quadriplegic and required 24-hour care. There is no support in those medical records, however, for the contention of

plaintiff that he is unable to function in society based on a mental disability (*see, Stalker v Luria,* 217 AD2d 294, 296-297).

Contrary to plaintiff's further contention, the court did not err in failing, sua sponte, to appoint a guardian ad litem for plaintiff, who is proceeding pro se. There was no evidence before the court that plaintiff was incapable of adequately prosecuting his rights (*see,* CPLR 1201, 1202 [a]; *Matter of Casey J., III,* 251 AD2d 1002). Finally, we reject plaintiff's contention that the court erred in granting defendants' motion without allowing plaintiff an opportunity to conduct discovery to enable him to oppose the motion. The necessary evidence was not in the exclusive control of defendants; rather, any relevant information would have come from plaintiff's treating physicians. The court adjourned the return date on defendants' motion on two occasions to allow plaintiff the opportunity to obtain his medical records or affidavits from his treating physicians (*see,* CPLR 3211 [d]). Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.