# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

650

CA 14-01846

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

RACHEL HECKL, PERSONAL NEEDS GUARDIAN OF AIDA
COREY, AN INCAPACITATED INDIVIDUAL, THOMAS J.
COREY AND OLIVIA J. COREY, CO-PROPERTY GUARDIANS
OF AIDA COREY, AN INCAPACITATED INDIVIDUAL,
PLAINTIFFS-RESPONDENTS,
PERMACLIP PRODUCTS CORPORATION, PLAINTIFF,

                    V                                    MEMORANDUM AND ORDER

DANIEL M. WALSH, ET AL., DEFENDANTS,
HSBC NORTH AMERICA, INC., AND HSBC BANK USA N.A.,
DEFENDANTS-APPELLANTS.

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (MITCHELL J. BANAS, JR., OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered July 25, 2014.  The order, among other things,
denied the motion of defendant HSBC Bank USA N.A. to dismiss the
amended complaint with respect to the causes of action asserted on
behalf of Aida Corey, and tolled the statute of limitations on the
causes of action of Aida Corey as of July 11, 2005.

Now, upon the stipulated order of Supreme Court, Erie County
entered September 16, 2014 discontinuing the action against defendant
HSBC North America, Inc.,

It is hereby ORDERED that said appeal by defendant HSBC North
America, Inc. is unanimously dismissed upon stipulation and the order
is affirmed without costs.

Memorandum:  Plaintiff guardians and plaintiff Permclip Products
Corporation (Permclip) commenced this action asserting causes of
action for conversion, replevin and fraud in connection with the
alleged embezzlement of funds by defendants Daniel M. Walsh and Frank
Panaro from Aida Corey, the incapacitated individual represented by
plaintiff guardians and the widow of Permclip's founder.  HSBC Bank
USA N.A. (defendant) is alleged to be vicariously liable as Panaro's
employer (*see Heckl v Walsh* [appeal No. 2], 122 AD3d 1252, 1253).

Contrary to defendant's contention, Supreme Court properly directed a hearing pursuant to CPLR 208 on its motion to dismiss pursuant to CPLR 3211 (a) (5) rather than summarily deciding the motion in its favor. The record contains conflicting evidence with respect to whether Aida Corey was "unable to protect [her] legal rights because of an over-all inability to function in society" during the relevant period following the accrual of the causes of action (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548; *see Kelly v Solvay Union Free Sch. Dist.*, 116 AD2d 1006, 1006). Contrary to defendant's further contention, in view of the undisputed medical evidence presented at the hearing, including the diagnosis of irreversible and permanent dementia, the court properly concluded that Aida Corey continuously suffered from an "over-all inability to function in society" since July 11, 2005 and thus that the statute of limitations on any causes of action are tolled under CPLR 208 (*McCarthy*, 55 NY2d at 548; *see Barnes v County of Onondaga*, 65 NY2d 664, 666; *Yannon v RCA Corp.*, 131 AD2d 843, 845-848).

Finally, we reject defendant's contention that the court erred during the hearing in excluding the contents of Aida Corey's communications with her attorneys based on attorney-client privilege and thus that it is entitled to a new hearing. Contrary to defendant's contention, there was no waiver of the attorney-client privilege based on the assertion of the insanity toll under CPLR 208. Plaintiffs did not place the subject matter of the privileged communications at issue, nor can it be said that " 'invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive [defendant] of vital information' " (*Clark v Clark*, 93 AD3d 812, 816).

Entered: July 2, 2015                                                          Frances E. Cafarell
                                                                               Clerk of the Court