16-1617-cv
Warren v. Sawyer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of June two thousand seventeen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges.*

_____

GREGORY WARREN,

                  *Plaintiff-Appellant*,

          v.                                             16-1617-cv

CATHY J. SAWYER, NURSES AID, MOHAWK
CORRECTIONAL FACILITY, et al.,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Gregory Warren, pro se, Bronx, NY.

Appearing for Appellees:     No Appearance.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Gregory Warren, proceeding pro se, challenges the district court's sua sponte dismissal of his claims against prison officials under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as time barred. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)[(2)] . . . de novo." *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Upon review, we conclude that the district court properly dismissed Warren's claims, which were based on allegations from when he was imprisoned, as time barred. Warren alleged that he was released from prison on May 10, 2012. Therefore, his claims accrued at the latest on that date. But he did not file his complaint until May 14, 2015, after the three-year statute of limitations for his claims had run. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (three-year statute of limitations for Section 1983 claims in New York); *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir. 1992) (three-year statute of limitations for Section 504 claims in New York).

Warren first attempts to avoid this conclusion by arguing that the prison mailbox rule should be extended to individuals confined to medical facilities. Even were that rule applicable and his complaint deemed filed on May 9, 2015, however, his claims still would be untimely because—although May 10, 2012, was the latest date on which his claims *could* possibly have accrued—all of the factual allegations in his complaint show that he was aware of the alleged harms giving rise to his claims well before that date. *See, e.g.*, *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999) (explaining a Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action").

Warren next attempts to overcome the statute of limitations by asserting that his claims were subject to the continuing violation doctrine, which delays the commencement of the statute of limitations period "until the last discriminatory act in furtherance" of a discriminatory policy. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Again, even were Warren's claims subject to this doctrine, they still would be time barred because he failed to allege "some non-time-barred acts taken in furtherance of [the alleged discriminatory] policy." *See id.*

Finally, Warren challenges the district court's conclusion that he was not entitled to statutory or equitable tolling. The district court, however, properly concluded that Warren's

alleged physical ailments were insufficient to invoke the New York statutory tolling provisions. *See, e.g.*, *Brown v. Rochester Gen. Hosp.*, 738 N.Y.S.2d 803, 804 (4th Dep't 2002) (claims that plaintiff "was a quadriplegic and required 24 hour care" insufficient to invoke provision when there was no evidence of mental disability). The district court also correctly determined that Warren had failed to demonstrate that "extraordinary circumstances" prevented him from timely filing his complaint or that he "acted with reasonable diligence" during the three years after he was released from prison. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (noting we have applied equitable tolling only in "rare and exceptional circumstances").

We have considered the remainder of Warren's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk