16-4324-cv
*Baker v. Bank of America*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
          SUSAN L. CARNEY,
                  *Circuit Judges,*
          RICHARD W. GOLDBERG,
                  *Judge.*[*]

---

MARK BAKER,

　　　　　　　*Plaintiff-Appellant,*　　　　　　　　　　16-4324-cv

　　　　　　　v.

BANK OF AMERICA, N.A.,

　　　　　　　*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**　　　　　Mark E. Baker, *pro se*, Yonkers, NY.

**FOR DEFENDANT-APPELLEE:**　　　　　Samuel Kadosh, Reed Smith LLP, New York, NY.

---

[*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 31, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Mark Baker, proceeding *pro se*, appeals from the District Court's October 31, 2016 judgment dismissing his complaint with prejudice for failure to state a claim. In his amended complaint, he alleged breach of contract and related state law claims against defendant-appellee Bank of America, N.A. ("BOA") for purportedly failing to comply with a repayment schedule for Baker's debt obligations to BOA. According to Baker, BOA's breach caused him to file for bankruptcy in May 2009. The District Court dismissed the action, initiated in September 2015, as untimely, and determined that Baker had alleged no facts to warrant equitable tolling. On appeal, Baker argues that the District Court should have considered whether his physical disability entitled him to equitable tolling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's equitable tolling decision for abuse of discretion. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). In cases arising under state law, we are "generally referred to state law for tolling rules." *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *see also Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998) (stating that "state-law tolling rules" apply to claims "governed by state law"). New York has codified several common law tolling rules. *See* N.Y. C.P.L.R. §§ 207–10. While New York permits tolling for some mental disabilities, *id.* at § 208, physical disabilities are insufficient to invoke New York's statutory tolling provisions, *see, e.g.*, *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (1982) (holding that tolling for insanity extends only to "individuals who are unable to protect their legal rights because of an over-all inability to function in society"); *Brown v. Rochester Gen. Hosp.*, 738 N.Y.S.2d 803, 804 (4th Dep't 2002) (claims that plaintiff "was a quadriplegic and required 24-hour care" were insufficient to invoke the tolling provision); *Stalker v. Luria*, 634 N.Y.S.2d 874, 876 (3rd Dep't 1995) (claims that plaintiff was a quadriplegic insufficient to invoke tolling provision).

Baker does not argue mental disability, and presents no authority recognizing a toll because of physical disability. Moreover, his filings demonstrate that he is capable of asserting his legal rights, despite any physical disability he suffers. And Baker fails to show that "extraordinary circumstances" prevented him from timely filing his complaint or that he "acted with reasonable diligence" during the six years following the alleged contract breach. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (observing that equitable tolling is "to be applied sparingly").

2

## CONCLUSION

We have reviewed all of the arguments raised by Baker on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 31, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk