Xin Li v Mercy Med. Ctr. (2021 NY Slip Op 06002)





Xin Li v Mercy Med. Ctr.


2021 NY Slip Op 06002


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-02318
 (Index No. 601689/17)

[*1]Xin Li, appellant, 
v
Mercy Medical Center, et al., respondents, et al., defendants.


Gary A. Lichtman, New York, NY (Katherine E. Smith of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Michael K. Chin of counsel), for respondents Mercy Medical Center and Kesha Thrope.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for respondent KJSS Corp.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 11, 2018. The order granted the motion of the defendants Mercy Medical Center and Kesha Thrope pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them and the motion of the defendant KJSS Corp. for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On May 6, 2013, the plaintiff sustained injuries when he allegedly fell in a restroom at a restaurant owned and operated by the defendant KJSS Corp. (hereinafter KJSS). He was transported by ambulance to the defendant Mercy Medical Center, where he received medical care from various hospital personnel, including the defendant Kesha Thrope, a registered nurse. In 2015, the plaintiff commenced a personal injury action against KJSS in the United States District Court for the Eastern District of New York (hereinafter the District Court), which was subsequently discontinued without prejudice to refiling in state court. In that same year, the plaintiff commenced a separate action against, among others, Mercy Medical Center and Thrope (hereinafter together the Mercy defendants) in the District Court to recover damages for medical malpractice, which subsequently was discontinued by a stipulation with a reservation of the parties' respective rights, if any, under CPLR 205(a).
The plaintiff subsequently commenced this action against, among others, the Mercy defendants in the Supreme Court, Nassau County, in 2017, purportedly pursuant to the six-month extension of the applicable statute of limitations under CPLR 205(a). That statute provides, inter alia, that despite the expiration of the applicable limitations period, if a prior action was timely commenced against the party and was not terminated for failure to obtain personal jurisdiction, the plaintiff may commence a new action upon the same transaction or occurrence within six months [*2]after the termination of the prior action, provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon that defendant is effected within such six-month period. The plaintiff subsequently filed an amended complaint adding KJSS as a defendant and asserting a cause of action sounding in negligence against it.
The Mercy defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them as time-barred. KJSS separately moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered January 11, 2018, the Supreme Court granted the motions, and the plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not err in finding that the extension set forth in CPLR 205(a) was inapplicable and in granting the Mercy defendants' motion to dismiss the amended complaint insofar as asserted against them as time-barred. The plaintiff failed to obtain personal jurisdiction over the Mercy defendants in the federal action. Indeed, it is undisputed that no attempts were made to serve Mercy Medical Center in the federal action within the requisite period for service (see Fed Rules Civ Pro rule 4[m]), and that a waiver of service executed by Thrope was not timely filed as required by Federal Rules of Civil Procedure rule 4(d)(4). Since the plaintiff failed to obtain personal jurisdiction over the Mercy defendants in the federal action, the plaintiff was not entitled to the six-month extension pursuant to CPLR 205(a) (see Hebrew Inst. for Deaf & Exceptional Children v Kahana, 57 AD3d 734, 734-735). Similarly, the plaintiff failed to establish that he was entitled to a toll of the applicable limitations period pursuant to CPLR 208, since he failed to demonstrate that he was unable to protect his legal rights because of an overall inability to function in society (see Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 812; McCarthy v Volkswagen of Am., 55 NY2d 543, 548; Thompson v Metropolitan Transp. Auth., 112 AD3d 912). In this regard, the affirmation of the plaintiff's expert physician was insufficient to establish that the plaintiff was under a disability within the meaning of CPLR 208. Accordingly, the court properly granted the Mercy defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them as time-barred.
Additionally, the Supreme Court properly granted KJSS's motion for summary judgment dismissing the amended complaint insofar as asserted against it. A defendant moving for summary judgment in a slip-and-fall case may establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff is unable to identify the cause of his or her fall without engaging in speculation (see Theissen v 7-Eleven, Inc., 189 AD3d 1502; Manavazian v Pietromonaco, 188 AD3d 866), or by showing that it neither created nor had actual or constructive notice of the existence of the allegedly hazardous condition for a sufficient length of time to discover and remedy it (see Griffin v PMV Realty, LLC, 181 AD3d 912). Here, in opposition to the prima facie showing by KJSS of its entitlement to judgment as a matter of law, the plaintiff failed to come forward with sufficient evidence in admissible form to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court