Matter of Sinclair v City of New York (2025 NY Slip Op 00453)

Matter of Sinclair v City of New York

2025 NY Slip Op 00453

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01776
 (Index No. 524052/22)

[*1]In the Matter of Jonathan A. Sinclair, appellant, 
v
City of New York, respondent-respondent, et al., respondents.

Nathaniel B. Smith, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Janet L. Gordon and Amy McCamphill of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 1, 2023. The order granted the cross-motion of the respondent City of New York, in effect, to dismiss the proceeding, denied the petition, and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the cross-motion of the respondent City of New York, in effect, to dismiss the proceeding is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
On December 6, 2016, the petitioner allegedly was falsely arrested and assaulted, including being tasered and severely beaten, by one or more New York City Police Department officers. In August 2022, the petitioner commenced this proceeding against the City of New York and unnamed "John Doe" defendants, representing individual police officers, for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. The petitioner contended that he had sustained facial and head trauma during the incident and that, since that time, he had suffered from schizophrenia and other psychotic disorders and was therefore entitled to the insanity tolling provision of CPLR 208. The City cross-moved, in effect, to dismiss the proceeding. In an order dated February 1, 2023, the Supreme Court granted the City's cross-motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
A notice of claim generally must be served upon a public corporation within ninety days of the claim's accrual (see General Municipal Law § 50-e[1][a]; Matter of Jaime v City of New York, 41 NY3d 531). However, the court, "'in its discretion,' may grant an application extending the time to serve a notice of claim as long as the application is made within the limitations period for commencing the action, including any tolls or extensions" (Plaza v New York City Health and Hosps. Corp. [Jacobi Med. Ctr.], 21 NY3d 983, 984, quoting General Municipal Law § 50-e[5]). The limitations period for commencing a tort action against a municipal corporation is one year and 90 days after the date of accrual of the cause of action (see General Municipal Law § 50-i; J. H. v [*2]New York City Health and Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 882). "Since the time to serve a notice of claim upon a public corporation cannot be extended beyond the time limited for commencement of an action against that party, the court lacks authority to grant a motion for leave to serve a late notice of claim made more than one year and 90 days after the cause of action accrued, unless the statute of limitations has been tolled" (Ahmed v New York City Health & Hosp. Corp., 204 AD3d 870, 871 [citation omitted]; see General Municipal Law §§ 50-e[5]; 50-i[1]; J. H. v New York City Health and Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 882).
Pursuant to CPLR 208(a) "[i]f a person entitled to commence an action is under a disability because of . . . insanity at the time the cause of action accrues, and . . . the time otherwise limited [for commencing the action] is less than three years, the time shall be extended by the period of disability." A toll pursuant to CPLR 208(a) does not toll the necessity of filing a timely notice of claim; rather, it tolls only the time in which to apply for leave to serve a late notice of claim (see Mederos v New York City Health and Hosps. Corp., 154 AD3d 597, 597; Mullins v East Haven Nursing and Rehabilitation Ctr., LLC, 66 AD3d 578, 578; see also J. H. v New York City Health and Hosps. Corp. (Elmhurst Hosp. Ctr.), 169 AD3d at 882).
CPLR 208(a) provides no definition of the term "insanity" (see McCarthy v Volkswagen of Am., 55 NY2d 543, 547). However, the Court of Appeals has concluded that the insanity tolling provision should be narrowly construed and is available "only [to] those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (id. at 548; see Scifo v Taibi, 198 AD3d 704, 705). "[T]he condition of an individual's mental capabilities is largely a factual question" (McCarthy v Volkswagen of Am., 55 NY2d at 548). "The task of determining whether the tolling provision [of CPLR 208] applies 'is a pragmatic one, which necessarily involves consideration of all surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights'" (Matter of Goussetis v Young Adults with Special Abilities, Inc., 198 AD3d 761, 762, quoting Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 812).
Here, the record before us presents a question of fact as to whether the petitioner was "unable to protect [his] legal rights because of an over-all inability to function in society" during the relevant period, as well as the duration of the alleged insanity (McCarthy v Volkswagon of Am., 55 NY2d at 548; see Matter of Brigade v Olatoye, 167 AD3d 462; Heckl v Walsh, 130 AD3d 1447, 1448; Schulman v Jacobowitz, 19 AD3d 574, 576; Lynch v Carlozzi, 284 AD2d 865; see also Xin Li v Mercy Med. Ctr., 199 AD3d 735; Scifo v Taibi, 198 AD3d at 705; Potter v Zucker Hillside Hosp., 176 AD3d 884). Morever, "[o]nly in the event the toll is found to apply, and depending on the length thereof, can it be determined whether to grant [the petitioner] leave to serve a late notice of claim" (Jackson v Coler-Goldwater Specialty Hosps. and Nursing Facility, 26 AD3d 198, 198; see Matter of Jaime v City of New York, 41 NY3d 531).
Accordingly, we remit the matter to the Supreme Court, Kings County, for an evidentiary hearing to determine whether the petitioner's mental condition entitles him to a toll of the statute of limitations, including the length of any such toll, and a new determination thereafter of the petition.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court