OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and
 
 *811
 
 the decision of the Workers’ Compensation Board dated March 27, 1987 should be reinstated, without costs.
 

 In September 1980, claimant filed a workers’ compensation claim for a mental breakdown allegedly precipitated by stressful working conditions that led to his 1967 resignation from employment as a cosmetology instructor with respondent City of Rochester School District. Workers’ Compensation Law § 28 requires that claims be submitted within two years from the date of the accident giving rise to the claim. Claimant seeks the benefit of section 115 of that law, which provides a toll of the limitations period for "any person who is mentally incompetent or a minor so long as he has no committee or guardian.” Application of section 115 would excuse claimant’s failure to file his claim within two years of his June 24, 1967 resignation — the accepted date of the alleged work-related accident.
 

 Based on a record developed over the course of four years of hearings which explored claimant’s medical history of paranoid schizophrenia and general conduct in managing his affairs, the Workers’ Compensation Board concluded in its March 27, 1987 decision that the section 115 toll was not applicable because claimant was competent to file a workers’ compensation claim in 1967. The Appellate Division reversed, holding specifically that the vital determination was "not simply whether claimant was capable of filing a claim, but whether claimant was able to comprehend the premise for his claim, i.e., that the conditions at work occasioned or contributed to his psychiatric problems” (148 AD2d 807, 808). Applying this standard to the medical evidence before it, and specifically crediting medical testimony that claimant was not mentally capable of acknowledging his own illness or its relation to his working conditions, that Court held
 
 (id.,
 
 at 808) that claimant was not capable of filing a workers’ compensation claim "to recover for employment-induced mental illness” in 1967.
 
 *
 

 
 *812
 
 We reject the Appellate Division’s novel definition of "mental incompetency” for purposes of the Workers’ Compensation Law incompetency toll. In
 
 McCarthy v Volkswagen of Am.
 
 (55 NY2d 543), the seminal case construing CPLR 208, we held that the insanity toll afforded by that statute is available "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society”
 
 (id.,
 
 at 548). Significantly, that rule was applied to preclude the
 
 McCarthy
 
 plaintiff’s reliance on the insanity toll, despite a posttraumatic neurosis which caused him to repress the memory of the accident upon which his belated complaint was predicated. The Court further concluded that the insanity tolling provision should be narrowly construed to advance the purpose of limitations periods as "statutes of repose”
 
 (id.,
 
 at 549). The same analysis should be applied to the Workers’ Compensation Law’s tolling provision, which constitutes that enactment’s own "statute of repose.”
 

 Turning to the application of the
 
 McCarthy
 
 rule, we note that the task is a pragmatic one, which necessarily involves consideration of all surrounding facts and circumstances relevant to the claimant’s ability to safeguard his or her legal rights
 
 (see, Anonymous v Anonymous,
 
 154 Misc 2d 46, 51;
 
 Dumas v Agency for Child Dev.,
 
 569 F Supp 831 [SD NY];
 
 Graboi v Kibel,
 
 432 F Supp 572 [SD NY]). Thus, the Workers’ Compensation Board is the proper arbiter of such a determination
 
 (see, Liss v Trans Auto Sys.,
 
 68 NY2d 15, 19-20). The appropriate role for the courts is simply to determine whether the Board’s determination is supported by substantial evidence
 
 (Matter of Hill v Thompson,
 
 61 NY2d 1018).
 

 A review of the record in this case indicates that the Workers’ Compensation Board applied the correct legal standard in determining that claimant was not mentally incapacitated during the relevant two-year interval following his resignation from employment with respondent School District, and that the section 115 toll is not available here. The Board credited medical testimony of a psychiatrist disclosing that
 
 *813
 
 claimant was competent to file a workers’ compensation claim in 1967. Additionally, record evidence reveals that claimant applied for and obtained employment, consulted with numerous attorneys and filed discrimination complaints with the Human Rights Commission in an effort to regain his former position during the pertinent period. We are satisfied that, on this record, the Board’s determination is supported by substantial evidence.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum; Judge Levine taking no part.
 

 Order reversed, etc.
 

 *
 

 In addition to reversing the Board’s determination, the Appellate Division granted claimant’s claim for compensation benefits on the ground that his mental breakdown was a compensable work-related accident, and remitted the matter to the Workers’ Compensation Board for further proceedings not inconsistent with the Court’s decision
 
 (see, Matter of Cerami v Rochester City School Dist.,
 
 148 AD2d 807 [Mar. 9, 1989],
 
 supra).
 
 On remittal, the Board tentatively awarded claimant a wage of $116.69, stating conclusively: ''[occupational disability, notice and causal relation established for schizophrenia/manic depression. Date of disability: 6/24/67.” The Board subse
 
 *812
 
 quently reduced the award to $77.12 per week. On a second appeal, the Appellate Division affirmed the Board’s ruling that claimant sustained a compensable, causally related disability
 
 (see, Matter of Cerami v City of Rochester School Dist.,
 
 187 AD2d 763 [Nov. 5, 1992]). Respondents School District and Board seek concurrent review of the Appellate Division’s November 5, 1992 and March 9, 1989 orders. The earlier nonfinal order is reviewable pursuant to CPLR 5501 (a) (1) because it necessarily affects the November 5,1992 order, which finally determines this proceeding.