[610 NYS2d 684]

In the Matter of the Claim of the ESTATE OF GEORGE TER-JESEN, Deceased, Respondent, v PETER KIEWIT & SONS COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 21, 1994

## APPEARANCES OF COUNSEL

*Cherry, Edson & Kelly,* Hempstead *(Henriette Frieder* of counsel), for appellants.

*G. Oliver Koppell, Attorney-General,* New York City *(Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

CARDONA, P. J.

The principal contention by the employer on this appeal is that Workers' Compensation Law § 115, which states that "[n]o limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian", should be construed as including the appointment of a conservator as a basis for ending the toll of the limitations period.

George Terjesen was injured in a work-related accident on December 31, 1968. He was classified permanently totally disabled and received benefits until his death on July 6, 1979. At the time of his death, his only surviving dependent was a developmentally disabled minor son (now an adult), John Terjesen (hereinafter claimant). Claimant has resided all of his life in facilities under the care of the State Office of Mental Retardation and Developmental Disabilities. A conservator was appointed for claimant in an order dated December 3, 1984. On April 13, 1989 a death claim was filed on behalf of claimant. At the subsequent hearing the employer argued, *inter alia,* that the claim was time barred under Workers' Compensation Law § 28 because it was not brought within two years from either the decedent's date of death or the appointment of the conservator. The Workers' Compensation Law Judge declined to construe "committee" under Workers' Compensation Law § 115 as encompassing a "conservator" under Mental Hygiene Law article 77 and found that the conservator's appointment did not operate to end the toll. Upon review the Workers' Compensation Board affirmed. The employer appeals and we affirm.

The language of Workers' Compensation Law § 115 is unambiguous and we cannot accept the rather forced construction

given it by the employer *(see, Matter of Schmidt v Roberts,* 74 NY2d 513, 520). With the enactment of Mental Hygiene Law article 77 (L 1972, ch 251) in 1972, the Legislature authorized the appointment of conservators to manage the affairs of persons who were unable to manage their own affairs either because of debilitating factors which create a condition falling short of incompetency or, if actual incompetency existed, to avoid the stigma associated with an adjudication of incompetency *(see,* Mem of Joint Legislative Comm on Mental and Physical Handicap, 1972 McKinney's Session Laws of NY, at 3290).*

We cannot assume, however, that by recognizing the need to protect the property of persons suffering from a lesser degree of disability the Legislature also meant to supplant "mental incompetence" under Mental Hygiene Law article 78 with "substantial impairment" under Mental Hygiene Law article 77 as the standard of disability required to trigger the toll of Workers' Compensation Law § 115. Yet, that is the logical result of reading "conservator" into the statute. It has long been held that the Legislature is presumed to know what statutes are in effect when it enacts new laws. Had the Legislature intended to add conservators to Workers' Compensation Law § 115 at the time it enacted Mental Hygiene Law article 77, it could have done so *(see, People ex rel. Sibley v Sheppard,* 54 NY2d 320, 325).

In 1981 the Legislature amended 124 of the consolidated laws pertaining to incompetents *(see,* L 1981, ch 115); 121 of those statutes which contained references to committees of incompetents were amended to include references to conservators and conservatees *(see,* Mem of Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2356). We find it significant that Workers' Compensation Law § 115 was not among the statutes so amended.

The Court of Appeals has held that the phrase "mentally incompetent" in Workers' Compensation Law § 115 is to be interpreted in the same manner as "insanity" in CPLR 208 to

---

* In 1992 the Legislature replaced the dual structure of Mental Hygiene Law articles 77 and 78 with a single structure (Mental Hygiene Law § 81.01 *et seq.* [eff Apr. 1, 1993]) governing both property management and personal care of persons with incapacities, through the appointment of guardians whose powers are specifically tailored to meet the individual needs of those persons *(see,* L 1992, ch 698; Law Rev Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.02, 1994 Pocket Part, at 241).

apply " 'to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society' " *(Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812, quoting *McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548). Under the circumstances here, the Board's finding that claimant is a mentally incompetent person is consistent with this interpretation. Because no committee or guardian had been appointed, claimant was entitled to the benefit of the toll of Workers' Compensation Law § 115.

We have considered the employer's other contentions and find them to be either unpreserved or lacking in merit.

CREW III, CASEY, WEISS and PETERS, JJ., concur.

Ordered that the decision is affirmed, without costs.