■ JORGE C. SANCHEZ, Respondent, et al., Plaintiff, v BELLE WOLKOFF, Appellant. [669 NYS2d 337] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 19, 1996, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her by the plaintiff Jorge Cortina Sanchez.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her by the plaintiff Jorge Cortina Sanchez is granted, and the complaint is dismissed.

In 1990 the plaintiff Jorge Cortina Sanchez (hereinafter the plaintiff), an employee of South Shore Builders Supply Co., Inc., was severely injured when a metal rack containing lumber collapsed on top of him. As a result of the accident the plaintiff was rendered comatose and is confined to a nursing home. In 1993, without any guardian ad litem having been appointed, the plaintiff's wife, Evelyn Cortina Sanchez, with the aid of counsel, commenced an action naming her husband and herself as plaintiffs. The lawsuit was brought against, *inter alia,* the Estate of Martin Wolkoff (the defendant's late husband and the former owner of South Shore Builders Supply Co., Inc.). In January 1996 the Supreme Court, Queens County (Lonschein, J.), dismissed the complaint against the estate.

In July 1996, despite the fact that a guardian had still not been appointed for the plaintiff, the wife commenced the present action against the defendant asserting causes of action sounding in negligence and breach of warranty. The defendant moved to dismiss the complaint arguing, *inter alia,* that the lawsuit was untimely under either the three-year Statute of Limitations for negligence or the six-year Statute of Limitations for breach of implied warranty. The Supreme Court concluded that the action on behalf of the plaintiff was not untimely because, as a result of his condition, the plaintiff was entitled to "a tolling of the Statute of Limitations pursuant to CPLR 208". We disagree.

CPLR 208 provides for a toll of the Statute of Limitations where the person entitled to commence the action is under a disability. The toll afforded by CPLR 208 is available only to those " 'individuals who are unable to protect their legal rights because of an over-all inability to function in society' " (*Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812, quoting *McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548; *see also, Stalker v Luria,* 217 AD2d 294). Clearly, the undisputed grievous nature of the plaintiff's injuries initially entitled him to the benefit of this toll.

However, when the wife commenced the 1993 action in the plaintiff's name, she acted as the de facto guardian ad litem for her husband (*see, Monaghan v SZS 33 Assocs.,* 153 FRD 60; *Smith v Kelley,* 228 AD2d 831; *see also, Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687; *Ratka v St. Francis*

*Hosp.*, 44 NY2d 604; *Mossip v Clement & Co.*, 256 App Div 469, *affd* 283 NY 554). Indeed, a properly appointed guardian ad litem could have done no more than what the wife did herein, i.e., commence suit on behalf of her husband who was an "adult incapable of adequately prosecuting * * * his rights" (CPLR 1201). Moreover, the wife would have been the natural and logical choice for the position of guardian ad litem for her disabled husband (*see, Pulsifier v Olcott,* 63 Misc 2d 524).

Therefore, the plaintiff's disability for purposes of commencing a legal action "ceased" upon the wife's commencement of the lawsuit in April 1993, and the toll afforded by CPLR 208 was extinguished at that time since the plaintiff's legal rights had been protected (*see, Monaghan v SZS 33 Assocs., supra; Smith v Kelley, supra*).

Accordingly, since CPLR 208 affords only a three-year extension beyond the point when the plaintiff's disability ceases or the balance of the applicable Statute of Limitations, if longer, the July 1996 action was time barred for both negligence as well as any claims sounding in breach of warranty (*see,* CPLR 208, 214).

In light of our determination it is unnecessary to reach the defendant's remaining contentions. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.