■ HEDDA NUSSBAUM, Respondent, v JOEL STEINBERG, Appellant. [703 NYS2d 32] —Order, Supreme Court, New York County (Steven Liebman, Spec. Ref.), entered March 13, 1997, which denied defendant's motion for summary judgment seeking dismissal of the action as time-barred, and order, same court (Walter Tolub, J.), entered October 13, 1994, which denied defendant's motion for an order directing his production at a hearing held to determine whether and to what extent plaintiff was under the insanity disability of CPLR 208, unanimously affirmed, with costs.

Defendant was not entitled to a jury trial of the question, referred to a Special Referee, i.e., whether plaintiff was under the disability of insanity so as to toll the Statute of Limitations pursuant to CPLR 208, and for what period of time (see, Yannon v RCA Corp., 131 AD2d 843; compare, Libertelli v Hoffman-La Roche, Inc., 565 F Supp 233 [recognizing right to jury trial of the issue in Federal courts, but not necessarily in State courts]). The denial of defendant's motion to be transported from prison to attend the hearing was proper and did not deny defendant due process since defendant was represented by counsel at the hearing and was not denied the right to cross-examine witnesses or to present evidence in his behalf (see, Matter of Raymond Dean L., 109 AD2d 87, 88; Pope v Pope, 198 AD2d 406; Cook v Boyd, 881 F Supp 171, 175, affd 85 F3d 611, cert denied 519 US 891).

The evidence adduced at the hearing and credited by the

Special Referee amply demonstrated that, during the 10-year period preceding the commencement of this action, plaintiff was unable to protect her legal rights because of an overall inability to function in society, which tolled the one-year Statute of Limitations for intentional torts pursuant to CPLR 208 (*see, McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548). Concur—Williams, J. P., Ellerin, Lerner, Rubin and Saxe, JJ.