■ IDA COSTELLO, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL CENTER FOR EXTENDED CARE AND REHABILITATION et al., Respondents. [709 NYS2d 108] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), entered August 3, 1998, which granted the defendants' respective motions to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

In or about October 1990 the then 74-year-old plaintiff suffered a cerebral hemorrhage while hospitalized, which resulted in severe disability. A medical malpractice action related to the cerebral hemorrhage was commenced by the plaintiff's son in 1992 after he had obtained power of attorney over the plaintiff's affairs.

In May 1991 the plaintiff entered the nursing care facility of the defendant North Shore University Hospital Center for Extended Care and Rehabilitation as a long-term care patient. On January 18, 1993, the plaintiff allegedly sustained perforations of the stomach and intestines, resulting in peritonitis, after undergoing a procedure performed by the defendant Louis Soletsky. In June 1996 the plaintiff's son was appointed guardian ad litem of the plaintiff in New York State, and the plaintiff's daughter, Diane Costello, was also appointed guardian ad litem by the Circuit Court of Fairfax County, Virginia, in December 1996. This action was commenced by the service of a summons and complaint dated June 10, 1997. The defendants moved to dismiss the complaint as barred by the Statute of Limitations. The Supreme Court agreed, reasoning

that because the plaintiff's son, an attorney, had acted as de facto guardian ad litem by commencing and prosecuting the earlier medical malpractice action, he was capable of protecting his mother's rights with regard to the instant action and the plaintiff was not entitled to the toll provided by CPLR 208. We disagree and, accordingly, reverse.

CPLR 208 provides for a toll of the Statute of Limitations where the person entitled to commence an action is under a disability (*see, Sanchez v Wolkoff,* 247 AD2d 529). An individual will be considered disabled if that person is " 'unable to protect [his or her] legal rights because of an overall inability to function in society' " (*Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812, quoting *McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548). Clearly, the undisputed serious nature of the plaintiff's physical condition entitled her to the benefit of this toll.

In the recent case of *Henry v City of New York* (94 NY2d 275), the Court of Appeals concluded, in a matter which concerned a disability because of infancy, that CPLR 208 tolled the Statute of Limitations for the period of that disability, and the toll was not terminated by the acts of a parent, guardian, or legal representative in taking certain steps, i.e., the filing of a notice of claim, to protect that infant's legal rights. The rationale of Henry should be applied to the present case. The plaintiff remained disabled during the entire time period pertinent to this litigation. Although the plaintiff's son commenced a legal action on her behalf in October 1992, his actions did not terminate the tolling provisions of CPLR 208 for the purposes of the current litigation. To the extent that our holding in *Sanchez v Wolkoff (supra),* is inconsistent with our holding herein, it is no longer to be followed. Accordingly, the order must be reversed and the complaint is reinstated. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.