■ DENISE JESSAMY, an Infant, by Her Legal Guardian, MARIA NATAL, et al., Respondents, v PARKMED ASSOCIATES, Doing Business as PARKMED ABORTION CLINIC, et al., Defendants, BETTY SCHWARTZ, as Executrix of PETER SCHWARTZ, Deceased, Appellant. (And a Third-Party Action.) [761 NYS2d 639] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered September 10, 2002, which denied the motion of third-party defendant Betty Schwartz, as executrix of the estate of Peter Schwartz (defendant Schwartz), for summary judgment dismissing plaintiffs' amended complaint against the estate on statute of limitations grounds, unanimously affirmed, without costs.

In this medical malpractice action, the court properly rejected defendant Schwartz's assertion that decedent Dr. Schwartz, who performed an abortion on the infant plaintiff, was not united in interest with Parkmed Associates, doing business as Parkmed Abortion Clinic (Parkmed), where the abortion was performed. Plaintiff sought an abortion for the infant plaintiff at Parkmed; she did not ask for a particular doctor, and did not even know the name of the doctor who performed the procedure. She paid her fee directly to Parkmed, which undertook to treat the infant plaintiff and furnish doctors and staff for that purpose. Under the circumstances, an assumption by plaintiff that Dr. Schwartz was acting on behalf of Parkmed would have been justified (cf. Mondello v New York Blood Ctr., 80 NY2d 219 [1992]), and Parkmed would not be free of responsibility for malpractice by Dr. Schwartz upon the infant plaintiff by reason of Dr. Schwartz's status as an independent contractor. "[P]atients are not bound by secret limitations as are contained in a private contract between the hospital and the doctor" (Mduba v Benedictine Hosp., 52 AD2d 450, 453 [1976]). Accordingly, Dr. Schwartz was "united in interest" with Parkmed within the meaning of CPLR 203 (b) (see Cuello v Patel, 257 AD2d 499 [1999]) and therefore, plaintiff's amended complaint against defendant Schwartz and Parkmed relates back to the original complaint against Parkmed, and was timely commenced as to both defendants.

Defendant Schwartz's motion to dismiss the action against the estate as time-barred was also properly denied in light of evidence demonstrating that the infant plaintiff was unable to

---

* Deceased June 1, 2003.

protect her legal rights because of an overall inability to function in society (*see Nussbaum v Steinberg*, 269 AD2d 192, 193 [2000]), and was thus entitled to an insanity toll (*see* CPLR 208), tolling the running of the limitations period until August 28, 2002, i.e., 10 years from accrual. Plaintiff's claims against defendant Schwartz, interposed prior to that date, were thus timely. This is so, notwithstanding the circumstance that plaintiff's action against the remaining defendants was commenced eight years prior to service of the amended complaint against defendant Schwartz (*see* CPLR 208; *see also Henry v City of New York*, 94 NY2d 275, 283 [1999]).

We have considered defendant Schwartz's remaining contentions and find them unavailing. Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach* and Lerner, JJ.