■ PETER GIANNICOS et al., Respondents, v BELLEVUE HOSPITAL MEDICAL CENTER et al., Appellants, et al., Defendants. [829 NYS2d 497]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about February 1, 2006, which, in an action for medical malpractice, granted plaintiff guardian's motions to confirm the Special Referee's report finding that the incapacitated person was entitled to the insanity toll in CPLR 208, and for leave to serve a late notice of claim, unanimously affirmed, without costs.

The record contains substantial support for the Special Referee's finding (*see RC 27th Ave. Realty Corp. v New York City Hous. Auth.*, 305 AD2d 135 [2003]) that the incapacitated person is "unable to protect [his] legal rights because of an over-all inability to function in society" as a result of suffering a stroke, and was therefore entitled to the insanity toll of CPLR 208 (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]). The toll did not terminate on the appointment of a guardian (*see Henry v City of New York*, 94 NY2d 275 [1999]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d 190 [2000]). Leave to serve a late notice of claim was properly granted, notwithstanding plaintiff's failure to explain her delay, on a record establishing that defendants were not prejudiced by the delay (*see Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003]; *see Weiss v City of New York*, 237 AD2d 212, 213 [1997]). Although no notice of claim was filed, the action, which was commenced within a reasonable time after the claimed malpractice, gave defendants actual notice of plaintiff's claims. We have considered defendants' other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.