■ ANTHONY CARRASQUILLO, Plaintiff, v HOLLISWOOD HOSPITAL et al., Defendants. (Action No. 1.) ANTHONY CARRASQUILLO, Respondent, v GARY ZABARSKY, Appellant. (Action No. 2.) [829 NYS2d 693]—

In two related actions, inter alia, to recover damages for medical malpractice, the defendant in action No. 2, Gary Zabarsky, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered May 19, 2005, as granted that branch of the plaintiff's motion which was to strike his first affirmative defense asserting the statute of limitations, and denied his cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint in action No. 2 as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 2, 1996, Jeanne Carrasquillo (hereinafter Jeanne) was admitted to St. John's Queens Hospital (hereinafter St. John's). After several medical tests, she was cleared for discharge on February 7, 1996, and transferred to Holliswood Hospital (hereinafter Holliswood) for treatment of depression and further psychiatric evaluation. She was found unresponsive in her bed at Holliswood on February 8, 1996. After being rushed to Long Island Jewish Medical Center, she was diagnosed with tuberculosis meningitis. In June 1996, she was transferred

to a long-term care facility, where she remains brain-injured and disabled.

In July 2004, Jeanne's husband, Anthony Carrasquillo, as her guardian ad litem (hereinafter the plaintiff), commenced a medical malpractice action (hereinafter action No. 2) against the defendant Gary Zabarsky (hereinafter the defendant), based upon the alleged delay in diagnosing and treating her tuberculosis meningitis in February 1996. The plaintiff moved, inter alia, to strike the defendant's first affirmative defense asserting the statute of limitations. The defendant cross-moved to dismiss the plaintiff's complaint in action No. 2 as time-barred. The Supreme Court granted that branch of the plaintiff's motion which was to strike the defendant's first affirmative defense asserting the statute of limitations, holding that the plaintiff was entitled to a tolling of the statute of limitations pursuant to CPLR 208 because Jeanne was disabled due to insanity. As a result, the Supreme Court denied the defendant's cross motion to dismiss the complaint in action No. 2 as time-barred. We affirm.

CPLR 208 provides a toll of the statute of limitations for a person under the disability of infancy or insanity (*see Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation,* 273 AD2d 190, 191 [2000]; *cf. Henry v City of New York,* 94 NY2d 275, 279 [1999]). Jeanne's brain injuries, which rendered her under the disability of insanity, and resulted in her requiring long-term care and the appointment of a guardian ad litem, warranted application of the toll pursuant to CPLR 208. Although the plaintiff was appointed guardian ad litem in 1998, and commenced action No. 1 against several other health care providers more than six years prior to commencing action No. 2, the insanity toll was not terminated (*see Jessamy v Parkmed Assoc.,* 306 AD2d 34, 34-35 [2003]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation, supra; cf. Henry v City of New York, supra* at 279-280). Accordingly, action No. 2 was not time-barred.

The defendant's remaining contentions are without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.