■ DANIEL FERREIRA, Appellant, v MAIMONIDES MEDICAL CENTER, Respondent. [841 NYS2d 678]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 26, 2006, as granted the defendant's motion to dismiss the complaint as time-barred and denied, as academic, the plaintiff's cross motion, among other things, to compel certain disclosure, and (2) from a judgment of the same court entered March 23, 2006, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion for summary judgment dismissing the complaint as time-barred is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiff's cross motion on the merits; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 25, 2001 Jose Arias was admitted to the defendant hospital because of weakness on his right side and inability to speak. By January 29, 2001, he had suffered two strokes that resulted in significant physical and mental deficits, leaving him unresponsive and in need of breathing and feeding support. A doctor who visited Arias in July 2003 described him as aphasic, having no spontaneous movement on his right side, and only limited, weak movement on his left side. Further, he was informed that Arias was being fed by "G-Tube" and intravenous line, needed to be bathed and clothed by hospital staff, and did not move from his bed unless carried. Arias was breathing through a tracheostomy tube connected to a wall-mounted oxygen source. Indeed, Arias still required breathing and feeding support when transferred to a skilled nursing facility in September 2003.

In October 2004 the plaintiff, as guardian of Arias's property, commenced this action, inter alia, to recover damages for medical malpractice. The defendant moved to dismiss the complaint

as time-barred, arguing that Arias's cause of action accrued no later than January 29, 2001 (*see* CPLR 214-a). In opposition, the plaintiff argued that the action was timely because the statute of limitation was tolled by the continuous treatment doctrine and by the insanity toll of CPLR 208. Further, the plaintiff cross-moved, among other things, to compel certain disclosure. The Supreme Court granted the defendant's motion to dismiss the complaint as time-barred, finding neither of the tolls applicable, and denied the plaintiff's cross motion as academic. We reverse the judgment appealed from and remit the matter to the Supreme Court, Kings County, for determination of the plaintiff's cross motion on the merits.

The insanity toll of CPLR 208 is available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]; *see Schulman v Jacobowitz*, 19 AD3d 574, 577 [2005]). Here, in opposition to the defendant's motion to dismiss the complaint as time-barred, the plaintiff demonstrated, prima facie, that Arias was entitled to the benefit of this toll. In reply, the defendant hospital failed to rebut that showing (*see Schulman v Jacobowitz*, 19 AD3d 574, 577 [2005]). Contrary to the defendant's contention, the toll was not terminated when the plaintiff obtained an attorney (*see Carrasquillo v Holliswood Hosp.*, 37 AD3d 509 [2007]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d 190, 191 [2000]; *cf. Henry v City of New York*, 94 NY2d 275, 279 [1999]). The main case cited by the defendant in support of that proposition—*Sanchez v Wolkoff* (247 AD2d 529 [1998])—was expressly overruled by this Court in *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation (supra)*.

In light of our determination, we need not reach the remaining contentions regarding the applicability of the continuous treatment doctrine. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur. [*See* 11 Misc 3d 1075(A), 2006 NY Slip Op 50563(U) (2006).]