10-1469-cv
*Mandarino v. Mandarino et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand eleven.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            J. GARVAN MURTHA,
                        *District Judge.**

_____

PATRICIA MANDARINO, as Personal Representative of the Estate of JAMES L. MANDARINO, SR.,
            *Plaintiff-Appellant*,

        -v.-                                                  No. 10-1469-cv

JAMES MANDARINO, ALEXANDRA PAOLERCIO, JOHN DOES 1 THROUGH 5,
            *Defendants-Appellees.***

_____

                        MICHAEL S. KIMM, Kimm Law Firm, Englewood, New Jersey, *for Plaintiff-Appellant*.

                        SUZANNE M. HALBARDIER, Barry, McTiernan & Moore, New York, New York, *for Defendants-Appellees*.

_____

\* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

\*\* The Clerk of the Court is directed to amend the official caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Patricia Mandarino ("Appellant"), as representative of the estate of James Mandarino, Sr. ("Mandarino Sr."), appeals from a judgment of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*), entered March 30, 2010, concluding that Appellant failed to demonstrate an entitlement to equitable tolling of the statute of limitations on account of the alleged mental incapacity of James Mandarino, Sr., and dismissing her complaint as time-barred. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

First, Appellant contends that the district court erred in its finding that she did not make a sufficient showing that Mandarino Sr. was mentally incapacitated between 1995 and 2002, such as to merit equitable tolling of the statute of limitations. "We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). Moreover, "[i]n reviewing district court decisions for abuse of discretion, we review the underlying factual findings for clear-error," which "mandates that we defer to the district court's factual findings, particularly those involving credibility determinations." *Phx. Global Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005). We are also mindful that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). On the record presented, we locate no error in the district court's well reasoned determination that Appellant was not entitled to equitable tolling.

We assume, without deciding, that federal law governs the equitable tolling of Appellant's

2

federal claims and New York state law governs the equitable tolling of Appellant's New York state law claims, though Appellant's claim of error fails under either standard. Under federal law, "[e]quitable tolling applies only in the rare and exceptional circumstance." *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (internal quotation marks omitted). "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). While mental disability can warrant equitable tolling of the statute of limitations in some circumstances, that determination "requires a highly case-specific inquiry." *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (internal quotation marks omitted). Since "mental illnesses are as varied as physical illnesses," we have held that a litigant seeking equitable tolling cannot rely on "conclusory and vague claim[s]," and must proffer a "particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

The district court acted well within its discretion in crediting the testimony of Gerard and Joseph Mandarino, Mandarino Sr.'s brothers, two non-party witnesses with extensive interaction with Mandarino Sr. during the relevant time period. Moreover, contrary to Appellant's implication, the court was not required to fully credit—or treat as dispositive—the testimony of the expert witness. *See Fisher v. Vassar Coll.*, 70 F.3d 1420, 1447 (2d Cir. 1995) (holding that a district court, acting as finder of fact, is "under no obligation to accept the word of [an expert witness] simply because []he ha[s] been qualified as an expert"). We note, further, that even if the district court fully credited Dr. Goodman's expert reports, those reports did not include any specific conclusion as to

Mandarino Sr.'s mental functioning or ability to manage his affairs during the relevant time period. In addition, there is no basis in the record for determining that the district court's decision to credit the testimony of some witnesses over others was clearly erroneous, or that it erred in its conclusion that Appellant had failed to make the "particularized" showing necessary to merit equitable tolling. *Cf. Bolarinwa*, 593 F.3d at 232 (holding, in the habeas context, that equitable tolling is justified only where a litigant can "demonstrate that her particular disability constituted an extraordinary circumstance severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so" (internal quotation marks omitted)). Accordingly, we cannot conclude that the district court abused its discretion in concluding that equitable tolling was not merited as to Appellant's federal claims.

The same reasoning leads to the conclusion that the court did not abuse its discretion in also denying Appellant the benefit of equitable tolling as to the New York state law claims. Under § 208 of the New York Civil Practice Law and Rules, a plaintiff may be entitled to equitable tolling if that person "is under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. 208 (McKinney's 2010). This tolling, however, is available "only [to] those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548, 450 N.Y.S.2d 457 (1982); *see also Ferreira v. Maimonides Med.Ctr.*, 43 A.D.3d 856, 858, 841 N.Y.S.2d 678 (2d Dep't 2007) (same). On the record before us, there is no question that the evidence presented to the district court fell far short of demonstrating that Mandarino Sr. suffered from an "over-all inability to function in society"; to the contrary, the evidence demonstrated that, following his overdose, Mandarino Sr. sold cars, remarried, and led an active social life. Accordingly, the district court did not abuse its

discretion in refusing to equitably toll the statute of limitations as to Appellant's state law claims.

Finally, Appellant asserts that the district court erred in permitting Gerard and Joseph Mandarino to testify at the evidentiary hearing regarding equitable tolling, despite the fact that Defendants had amended the Joint Pretrial Order a full three and a half months prior to the hearing to include them as defense witnesses. Appellant advances this argument in less than a full page of her brief, without citation to a single supporting case or statute, and therefore we might properly consider the argument waived on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, it is clear that the argument lacks merit.

We have held that Rule 16 of the Federal Rules of Civil Procedure "was not intended to function as an inflexible straightjacket on the conduct of litigation . . . ; instead, it was intended to insure the efficient resolution of cases and, most importantly, to minimize prejudicial surprise." *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir. 1989). Accordingly, "[d]istrict courts have considerable discretion in the management of trials, [which] necessarily includes a certain amount of latitude to deviate from the terms of [a] pretrial order," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003), and we will not locate error in such a deviation absent "serious prejudice" to the complaining party, *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 503 (2d Cir. 1989). This is not a case in which Appellant was presented with proposed defense witnesses on the eve of trial; to the contrary, the district court permitted the Defendants' amendment of the pretrial order more than three and a half months prior to the hearing, and there is simply no evidence in the record that Appellant lacked notice of the testimony, was unable to depose Gerard or Joseph Mandarino, or was in any manner prejudiced by the court's decision to permit them to testify.

5

Accordingly, the district court did not abuse its discretion in this regard.

We are aware that Appellant moved this Court for oral argument in this case on January 27, 2011, the day prior to the date on which the case was scheduled to be submitted to this panel. Neither party, however, appears to have previously requested oral argument as required by this Court's rules. *See* Second Circuit Local Rule 34.1 ("Failure to timely file the Oral Argument Statement Form [required by this Rule] signifies that the party does not seek oral argument."). In any event, the motion is now moot.

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6