■ Filomena Montepiedra, Appellant, v John W. Hon et al., Respondents, et al., Defendants. [940 NYS2d 322]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 6, 2009, as granted the separate motions of the defendants John W. Hon and Elmhurst Avenue Medical Associates, the defendant Guoping Zhou, and the defendant Gerald J. Schulze for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred, and granted those branches of the separate motion of the defendants Brendan A. O'Neill, St. John's Queens Hospital, and Saint Vincents Catholic Medical Centers of New York which were for summary judgment dismissing the complaint insofar as asserted against the defendants Brendan A. O'Neill and Saint Vincents Catholic Medical Centers of New York as time-barred, (2) from a judgment of the same court entered November 18, 2009, which, upon the order entered October 6, 2009, is in favor of the defendants John W. Hon, Elmhurst Avenue Medical Associates, Guoping Zhou, Gerald J. Schulze, Brendan A. O'Neill, and Saint Vincents Catholic Medical Centers of New York and against her dismissing the complaint insofar as asserted against those defendants, and (3) from an order of the same court entered March 11, 2010.

Ordered that the appeal from so much of the order entered October 6, 2009, as granted those branches of the separate motion of the defendants Brendan A. O'Neill, St. John's Queens Hospital, and Saint Vincents Catholic Medical Centers of New York which were for summary judgment dismissing the complaint insofar as asserted against the defendants Brendan A. O'Neill and Saint Vincents Catholic Medical Centers of New York as time-barred is dismissed as withdrawn pursuant to letter dated June 21, 2011, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered October 6, 2009, as granted the separate motions of the defendants John W. Hon and Elmhurst Avenue Medical Associates, the defendant Guoping Zhou, and the defendant Gerald J. Schulze for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as is in favor of the defendants Brendan A. O'Neill and Saint Vincents Catholic Medical Centers of New York and against the plaintiff dismissing the complaint insofar as asserted against those defendants is dismissed as withdrawn pursuant to letter dated June 21, 2011, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered March 11, 2010, is dismissed as withdrawn pursuant to letter dated June 21, 2011, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, the separate motions of the defendants John W. Hon and Elmhurst Avenue Medical Associates, the defendant Guoping Zhou, and the defendant Gerald J. Schulze for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred are denied, and the order entered October 6, 2009, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The appeal from so much of the order entered October 6, 2009, as granted the separate motions of the defendants John W. Hon and Elmhurst Avenue Medical Associates, the defendant Guoping Zhou, and the defendant Gerald J. Schulze for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred must be dismissed because the right of direct appeal from that portion of the order terminated with the entry of judgment on November 18, 2009 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised with respect to those defendants on the appeal from the order entered October 6, 2009, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Filomena Montepiedra, as the guardian of the person and property of Maria Georgina Rojas Montepiedra, commenced this action, inter alia, to recover damages for medical malpractice in connection with injuries allegedly sustained by Maria as a result of the rupture of a brain aneurysm. The defendants John W. Hon and Elmhurst Avenue Medical Associates, Guoping Zhou, and Gerald J. Schulze (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred. In their moving papers, in which the defendants demonstrated, prima facie, that the action was commenced more than $2^1/_2$ years after they last treated Maria, they also conceded that certain medical evidence was sufficient to establish the applicability of the "insanity" toll (CPLR 208). However, the defendants contended that since a prior, timely medical malpractice action had been commenced in Maria's own name, against other defendants, Maria was not, in fact, incapable of protecting her legal rights at a time when a timely action could also have been commenced against them. For this

reason, the defendants argued, in their moving papers, the statute of limitations was not tolled under CPLR 208 by reason of Maria's incapacity. The Supreme Court granted the defendants' separate motions. This was error.

Taking into account the defendants' concessions on their respective motions, they failed to establish their prima facie entitlement to judgment as a matter of law. Contrary to the defendants' contention, the toll provided in CPLR 208 was not terminated or unavailable due to the commencement of the prior action (*see Henry v City of New York*, 94 NY2d 275, 283 [1999]; *Ferreira v Maimonides Med. Ctr.*, 43 AD3d 856 [2007]; *Carrasquillo v Holliswood Hosp.*, 37 AD3d 509 [2007]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d 190 [2000]). The defendants' evidence demonstrated that, at the time of the prior action, although it was commenced in Maria's name, she had little understanding of that proceeding, which was initiated, in actuality, by either her mother or her father (*cf. Matter of Cerami v City of Rochester School Dist.*, 82 NY2d 809, 812-813 [1993]). Accordingly, the defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against each of them as time-barred. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.