■ ELAINE GARVEY, as Administratrix of the Estate of RONALD BROPHY, Deceased, Respondent, v LUTHERAN MEDICAL CENTER et al., Defendants, and METROPOLITAN JEWISH HOME CARE, INC., Appellant. [27 NYS3d 395]—

In an action, inter alia, to recover damages for negligence, the defendant Metropolitan Jewish Home Care, Inc., appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 7, 2015, as denied that branch of its motion which was to dismiss as time-barred those causes of action that alleged negligence and violations of Public Health Law §§ 2801-d and 2803-c insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 4, 2013, the plaintiff, as administrator of the estate of Ronald Brophy (hereinafter the decedent), commenced this action against, among others, the defendant Metropolitan Jewish Home Care, Inc. (hereinafter MJHC), which rendered in-home treatment and care to the decedent between December 16, 2009, and February 1, 2010. The complaint asserted causes of action against MJHC based on negligence and violations of the Public Health Law. MJHC moved, inter alia, to dismiss as time-barred those causes of action that alleged negligence and violations of Public Health Law §§ 2801-d and 2803-c. The Supreme Court, inter alia, denied that branch of MJHC's motion on the ground that the plaintiff was entitled to a toll of the applicable statute of limitations pursuant to CPLR 208. We agree.

The insanity toll of CPLR 208 is available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]; *see Schulman v Jacobowitz*, 19 AD3d 574, 577 [2005]). Here, in opposition to MJHC's motion to dismiss the complaint as time-barred, the plaintiff demonstrated, prima facie, that the decedent was entitled to the benefit of this toll. In reply, MJHC failed to rebut that showing (*see Ferreira v Maimonides Med. Ctr.*, 43 AD3d 856, 858 [2007]; *Schulman v Jacobowitz*, 19 AD3d at 577).

Accordingly, the Supreme Court properly denied that branch of MJHC's motion which was to dismiss as time-barred those causes of action that alleged negligence and violations of Public Health Law §§ 2801-d and 2803-c insofar as asserted against it. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.