■ CAROL A. KEALOS, Individually and as Administrator of the Estate of JOHN ROMANO, Deceased, Appellant, v STATE OF NEW YORK, Respondent. [55 NYS3d 411]—

In a claim to recover damages for negligence and wrongful death, the claimant appeals from an order of the Court of Claims (Lynch, J.), dated July 14, 2014, which denied her

renewed motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6) alleging medical malpractice and lack of informed consent.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the claimant's renewed motion which was for leave to file a late claim alleging medical malpractice, and substituting therefor a provision granting that branch of the renewed motion; as so modified, the order is affirmed, with costs payable by the defendant.

On April 6, 2010, while recovering from kidney transplant surgery at Stony Brook University Hospital, the claimant's decedent allegedly fell, sustaining a subdural hematoma which required two craniotomies. The decedent remained in a coma or unresponsive at Stony Brook University Hospital until his death on April 13, 2011.

Insofar as relevant to this appeal, on February 19, 2013, the claimant, individually and as administrator of the decedent's estate, moved for leave to file a late claim to recover damages for medical malpractice, lack of informed consent, negligence, and wrongful death. In an order dated August 15, 2013, the Court of Claims granted those branches of the claimant's motion relating to the negligence and wrongful death claims, and denied without prejudice the branches of the motion relating to the medical malpractice and lack of informed consent claims on the ground that the claimant had failed to submit a physician's affirmation.

On November 27, 2013, the claimant renewed those branches of her prior motion which related to the medical malpractice and lack of informed consent claims. The Court of Claims denied the motion as untimely as to both claims, and as to the claim alleging lack of informed consent, on the further ground that it was defectively pleaded. The claimant appeals.

" 'Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim' " (*Borawski v State of New York*, 128 AD3d 628, 628 [2015], quoting *Tucholski v State of New York*, 122 AD3d 612, 612 [2014]; *see Berger v State of New York*, 171 AD2d 713, 716 [1991]). A claimant seeking permission to file a late claim must do so within the statute of limitations provisions set forth in CPLR article 2 (*see* Court of Claims Act § 10 [6]; *Berger v State of New York*, 171 AD2d at 716).

Pursuant to CPLR 208, where an individual is under a disability because of infancy or "insanity" at the time the action accrues, the time to commence an action alleging medical malpractice or lack of informed consent, which are both subject to

a 2½ year statute of limitations, is extended by the period of disability (CPLR 208; *see* CPLR 214-a). The tolling provision is available to those individuals who, because of an overall inability to function in society, are unable to protect their legal rights (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]; *Garvey v Lutheran Med. Ctr.*, 137 AD3d 1212, 1213 [2016]; *Schulman v Jacobowitz*, 19 AD3d 574, 577 [2005]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d 190, 191 [2000]). Only the removal of the disability can end the toll (*see Henry v City of New York*, 94 NY2d 275 [1999]; *Schulman v Jacobowitz*, 19 AD3d at 576-577; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d at 191).

Here, the claimant established that the decedent was under a legal disability from the day of the accident until the disability was removed by his death on April 13, 2011 (*see Carrasquillo v Holliswood Hosp.*, 37 AD3d 509, 510 [2007]; *Costello v North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation*, 273 AD2d at 191). Thus, the claimant's initial motion, served on February 19, 2013, which sought, inter alia, to file a late claim alleging medical malpractice and lack of informed consent, was timely made within 2½ years of the decedent's death on April 13, 2011 (*see* Court of Claims Act § 10 [6]; CPLR 214-a).

Moreover, the time to file the claimant's renewed motion was further tolled so long as the initial motion remained pending before the Court of Claims (*see Matter of Lubin v City of New York*, 148 AD3d 898 [2017]; *Young Soo Chi v Castelli*, 112 AD3d 816, 817 [2013]; *Ambrus v City of New York*, 87 AD3d 341 [2011]). The renewed motion, which was served upon the State on November 27, 2013, was therefore timely made. Accordingly, the Court of Claims erred in denying as untimely that branch of the claimant's renewed motion which was for leave to file a late claim alleging medical malpractice. The State's alternative ground for denial of that branch of the renewed motion is improperly raised for the first time on appeal.

Contrary to the claimant's contention, the Court of Claims providently exercised its discretion in denying that branch of her renewed motion which was for leave to file a late claim alleging lack of informed consent, as that claim failed to comply with the requirements of Court of Claims Act § 11 (b) (*see Hargrove v State of New York*, 138 AD3d 777, 778 [2016]). Moreover, the physician's affidavit submitted by the claimant in support of the renewed motion failed to address that claim (*see Orphan v Pilnik*, 15 NY3d 907, 909 [2010]; *Deadwyler v North*

*Shore Univ. Hosp. at Plainview*, 55 AD3d 780, 780-781 [2008]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.